ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 AUG 17 P 12: 03
CLERK

| | |
|---|---|
| ROBBIE E. BROWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-031 |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison located in Wrightsville, Georgia, filed the above captioned case *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Georgia Department of Corrections ("GDC"); (2) Anthony Washington, Warden, Johnson State Prison ("JSP"); and (3) James Donald, Commissioner, GDC (Doc. no. 1, p. 4). Plaintiff submits that Defendants have violated his First Amendment rights by denying him access to the courts. (Id. at 7).

Plaintiff alleges that, upon his arrival at JSP, two boxes of legal materials were confiscated by Defendants' subordinates. (Id. at 5). According to Plaintiff, the unnamed subordinates relied on GDC Standard Operating Procedures ("SOP") to confiscate the legal materials. (Id.). Plaintiff contends that he needs these legal materials to prosecute post-conviction relief and to prosecute a civil case in this District. (Id.).

Furthermore, Plaintiff alleges that, on March 10, 2007, he filed an informal grievance about the confiscation of his legal materials, which was denied. (Id. at 3). According to Plaintiff, his legal materials were scheduled for destruction on April 7, 2007, but he was afforded an extension pursuant to GDC Grievance Procedures. (Id. at 6). Plaintiff contends that, on April 10, 2007, he filed a formal grievance, but he has not received a response within the required ninety (90) days set forth by GDC's SOP. (Id. at 3). Lastly, Plaintiff maintains that his attempts to access the legal materials and to acquire another extension have been denied or ignored. (Id.).

As relief, Plaintiff seeks an order preventing the destruction of his legal materials. (Id. at 9). Additionally, Plaintiff requests an order either compelling Defendants to return

his legal materials or affording him access to his legal materials. (Id.). Furthermore, Plaintiff asks for unspecified compensatory damages for the potential delay in the prosecution of his post-conviction relief. (Id.).

## II. SCREENING OF COMPLAINT

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. __, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust a claim, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2385-86 (internal quotation omitted). If an inmate fails to complete the administrative process or falls short of compliance with procedural rules governing inmate grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548

3

U.S. \_\_, 126 S.Ct. 2978 (2006). Simply put, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Moreover, an inmate must complete the administrative process *before* initiating suit because exhaustion of administrative remedies is a "precondition" to filing an action in federal court. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Before assessing whether Plaintiff has complied with 42 U.S.C. § 1997e(a), it will be helpful to explain GDC's grievance procedure, as it pertains to the facts alleged in this case. Under the applicable SOP, inmates have ten (10) calendar days "from the date the offender knew, or should have known, of the facts giving rise to the grievance" to file an

4

informal grievance. SOP IIB05-0001 § VI(B)(5) (Eff. date June 1, 2004). After the informal grievance is submitted, "the inmate shall receive a written response within 10 calendar days of receipt of the informal grievance by the inmate's counselor." Id. § VI(B)(12). Inmates may pursue a formal grievance by requesting that the grievance counselor provide a Formal Grievance Form. Id. § VI(C)(1). Inmates pursuing formal grievances must return the Formal Grievance Form to the grievance counselor within five (5) business days after receipt, unless the grievance counselor waives this time limit for good cause. Id. § VI(C)(2). Thereafter, "[t]he Warden/Superintendent's response is provided to the inmate in writing, stating the reason for the particular decision. Id. § VI(C)(11). However, "[w]here the Warden/Superintendent's response time [30 calendar days] is exceeded, the inmate may appeal his grievance to the Commissioner's Office, unless a one time ten day extension has been authorized and the inmate is notified of such extension by the Grievance Counselor." Id. § VI(A)(11). Subsequently, "[t]he Commissioner's Office or his designee will have 90 calendar days after receipt of the grievance to respond." Id. § VI(D)(5).

In this case, Plaintiff has failed to completely exhaust the prison grievance procedure prior to commencing this action. Although Plaintiff maintains that he has not received a response to his formal grievance, Plaintiff fails to allege that he appealed his grievance to the Commissioner's Office.[2] Furthermore, Plaintiff's argument regarding alleged delays in

---

[2] Assuming Plaintiff appealed his grievance to the Commissioner's Office, Plaintiff has still failed to satisfy the exhaustion requirement. According to Plaintiff, he filed a formal grievance, on April 10, 2007. (Doc. no. 1, p. 3). Defendant Washington then had thirty (30) days to issue a written response. See SOP IIB05-0001 § VI(A)(11). Defendant Donald would have then had ninety (90) days, or until approximately mid-to-late August, 2007, to respond to Plaintiff's appeal. See id. § VI(D)(5). However, Plaintiff commenced this action on May 24, 2007, well prior to deadline set for the Commissioner's Office to respond to any appeal that Plaintiff may have filed.

5

obtaining a response to his formal grievance and the purported urgent nature of the issues in this case cannot serve to obviate the exhaustion requirement.[3] Therefore, Plaintiff's complaint should be dismissed, without prejudice, for failure to properly exhaust administrative remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies, that Plaintiff's "Application for Temporary Restraining Order"[4] (doc. no. 7) be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, __ U.S. __, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that a district court may dismiss a prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, the Court can properly recommend that Plaintiff's complaint be dismissed because it is clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies.

[4]Plaintiff requests that the Court issue a temporary restraining order ("TRO"), preventing Defendants from destroying his legal documents. (Doc. no. 7, p. 1). Plaintiff's request for a TRO asserts the same factual basis and seeks the same relief as Plaintiff's complaint. However, Plaintiff cannot circumvent the PLRA's exhaustion requirement by requesting a TRO because this case is not properly before the Court.