IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROBBIE E. BROWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 307-031 |
| | ) |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (doc. no. 8), to which objections have been filed.

The Magistrate Judge recommended that Plaintiff's complaint be dismissed because it was clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies prior to commencing the above-captioned action. Plaintiff objects to the Magistrate Judge's recommendation because, although he claims to have strictly complied with the grievance procedure outlined in the Johnson State Prison ("JSP") Inmate Handbook ("Handbook"), he maintains that the JSP staff has failed to comply with the grievance procedure. (Doc. no. 10, pp. 2-3). According to Plaintiff, on March 16, 2007, he submitted an informal grievance concerning the confiscation of his legal materials. (Id. at 4-5). Plaintiff contends that his informal grievance was denied on March 28, 2007, but he was afforded thirty (30) days to send his legal materials home or have them destroyed. (Id. at 6).

Plaintiff alleges that, on April 10, 2007, he filed a formal grievance concerning the confiscation of his legal materials, to which the warden never responded. (Id. at 6). On May 24, 2007, Plaintiff commenced the above-captioned action seeking an order preventing the destruction of his legal materials, an order either compelling Defendants to return his legal materials or affording him access to them, and damages for the potential delay in the prosecution of post-conviction relief. (Doc. no. 1, p. 9). According to Plaintiff, this action was not commenced until two weeks after the deadline set for the warden to respond to his formal grievance. (Doc. no. 10, p. 7). Furthermore, Plaintiff submits that the Handbook does not instruct inmates to appeal grievances to the Georgia Department of Corrections ("GDC") Commissioner's Office. (Id. at 10). Plaintiff asserts that, even if he wanted to appeal to the Commissioner's Office, the warden has not responded to his grievance, and thus, he is unable to appeal because he has no basis upon which to appeal. (Id. at 14). In sum, Plaintiff maintains that he completely exhausted the grievance procedure set forth in the Handbook prior to commencing this action, and therefore, this action should not be dismissed. (Id. at 9-10).

Although Plaintiff has gone to great pains to describe his efforts to exhaust the prison grievance procedure, nothing in his objections changes the analysis contained in the Magistrate Judge's Report and Recommendation that Plaintiff has failed to exhaust his administrative remedies. The Handbook states:

> This handbook does not replace the official rules and regulations of the Department of Corrections. . . . This handbook is to be used in conjunction with the rules and regulations. . . . Any time there is a conflict between information in the rules and regulations and information in this handbook; the rules and regulations will be followed.

(Doc. no. 10, p. 20). As the Magistrate Judge correctly discussed, under the GDC's

grievance procedure, which supercedes the Handbook, if the warden fails to respond to grievances within thirty (30) days, inmates may appeal to the Commissioner, who has ninety (90) days to respond. (Doc. no. 8, p. 5).

After the warden allegedly neglected to respond to Plaintiff's formal grievance concerning the confiscation of his legal materials, Plaintiff failed to appeal his grievance to the Commissioner's Office, and thus, Plaintiff has not properly exhausted his administrative remedies prior to commencing this action. Furthermore, Plaintiff's contention that the Handbook does not instruct inmates to appeal grievances to the Commissioner's Office fails because the Handbook explicitly states that it is to be used in conjunction with the GDC's rules and regulations, including its grievance appeal procedure. (See doc. no. 8, p. 20). Lastly, the fact that the warden has failed to respond to Plaintiff's grievance does not prevent him from appealing to the Commissioner's Office. See SOP IIBO5-0001 § VI(B)(5) (Eff. date June 1, 2004) ("Where the Warden/Superintendent's response time is exceeded, the inmate may appeal his grievance to the Commissioner's Office. . . ."). Thus, Plaintiff's objections are without merit.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, Plaintiff's "Application for Temporary Restraining Order" is **DENIED** as **MOOT**, and this civil action is **CLOSED**.

SO ORDERED this 31 day of January, 2008.

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

3